May it please the Court, Michael Jacobs for Petitioner Agni. Your Honor, the two issues in this case involve whether the petitioner's conduct violated the statutory provisions regarding assault, insofar as the assault that took place would qualify as a crime for which he could be deported. I thought the issue was whether or not he violated a protection order. Both of those issues were raised by the Court initially. The question of the violation of the protection order, I think, can be addressed through several statutes and with regard to the petitioner's plea. Well, maybe, you know, I guess that is probably, I wouldn't ask this question otherwise, but Petitioner's brief was very short. It was basically six pages. Yes, Your Honor. So what is your precise challenge to Mr. Agni's removal under Section 237A2E? Well, Your Honor, in his statement of defendant on plea of guilty, he specifically stated that he did not violate the portion of the order against protection of credible threats of violence, repeated harassment, or bodily injury of the person the order was set to protect. That was on page 381 of the record. And on page 383 of the record. But doesn't he check the place that makes the probable cause statement part of the record? I was not aware of that in this particular offense, Your Honor. The other issue that was raised was the statute or the charge was amended, taking it out of the purview of 1099-20 but putting it under a family law statute, 2652-070. There's no reference to the specific language on it. That's on page 383 of the record. But if you look at the probable cause statement that he checked and made part of the record, it seems that it makes it pretty clear that that's exactly what he did. But that's, you know, I mean, the written plea agreement shows that he checked the box indicating that the parties have stipulated that the following are real and material facts for purposes of this sentencing, the facts set forth in the certifications for determination of probable cause. And then the certification of probable cause provides a relevant part. On 3-2204, I went to the apartment complex of 4575 Conn-Honley Drive, southeast in unincorporated King County. I went to that location based on a tip from a confidential citizen witness. The witness told me that he slash she had seen Camel Ogney several times in the last week come home with his girlfriend Laura Vujovic. I knew that Ogney had several outstanding warrants. I also knew that there was valid serve no contact order in effect prohibiting Ogney from contacting or being within 500 feet of it goes on. And that's part of the record. Yes, Your Honor. So it's kind of the elephant in the room. Yes, it is. So how do you get around that? The only way I could see getting around it, Your Honor, was referencing the amendment to the plea, which is under 2652-070. It doesn't appear to be a statute that specifically requires that the type of violation be a violation that addresses the issue of violence or repeated harassment or bodily injury to the person who is the subject of the protection of the order. Please proceed, counsel. Your Honor, that's the extent of my argument in this case. All right. Your Honor, you can have the remaining time for rebuttal should you need it. May it please the Court, my name is James Hurley and I represent the Attorney General. The petition for review should be denied because the agency properly determined that Mr. Ogney was removable on two separate and independent grounds. First, that he was removable under INA Section 237A2E1 for his conviction. Let me ask you, let me just, I'm a little bit, I'm not convinced that you've distinguished Suazo-Perez versus Mukasey. And so that with respect to Mr. Ogney's conviction for domestic violence assault, where in that record did Mr. Ogney admit facts showing that the conviction constitutes a generic crime of violence? It seems to me that Suazo-Perez is a problem for you on that particular. Well, I think that the case is factually and legally distinguishable because in that case they didn't, they weren't looking at the domestic violence charges under 237A2E1 and 2, they were just looking at whether or not it was an aggravated felony. And in that case the Court determined that, they used the modified categorical approach and they determined that the conviction documents, they weren't enough for the government to carry its burden. But in this case it's a different charge and if you look at the judgment itself on page 425 and 426 of the record, it clearly shows that he pled guilty to fourth degree assault domestic violence. And that clearly brings us within the purview of domestic violence. And the immigration judge also looked at his statement in his guilty plea when he said that he intentionally assaulted Laura Voyevich, my girlfriend. And he also, in his explanation of constitutional rights on page 415 of the record, he said that he grabbed his girlfriend to keep her inside. Well, but it seems that the complaint and guilty plea simply indicate that Ogney admitted to intentionally assaulting his partner in violation of section 9A.36.041. But that particular section may be violated by an offensive touching. That's true. But in the modified categorical approach when you, in that case, the Court found that the government didn't carry its burden. But in this case we argue that it did because if you look at the judgment itself, it says domestic violence and I think that fits exactly this case under 237A2E1 because that law is targeted for domestic violence crimes and the agency correctly determined that it was. What do you say to counsel's point about the restraining order violation, the alternative basis? He says that the statute doesn't qualify. And that's for the second charge, that it was removable under 237A2E2. Right. Well, first of all, there are two instances where he violated the restraining order. The first one was on March 22nd and that conviction was on September 10th. But he also has another one. He was convicted on April 14th, 2003. And in that case you have to look at the Washington statute under which he was convicted of and you look at the purpose of that statute and that was to protect victims of domestic violence from further abuse. And in this case, as the Board correctly pointed out, and he was convicted of violating that by coming into contact with his girlfriend in contravention of the express orders of the Washington District Court. Well, all right. Do we have to get to the modified categorical approach on that? Well, it's an interesting question because as I put forth in our 28J letter. Tell me what the law says, not whether it's interesting. Well, in that case you would look at the modified categorical approach and look at the conviction documents in that case. But I'd like to point to the Ninth Circuit's recent holdings in Alanis Alvarado. I'm sure Judge Rawlinson would be interested in that. And Salai versus Holder. I lost the battle in that one. But in those cases, the court pointed to the purpose of these protection orders. And clearly in this case, if you look at the conviction documents. That was a strange modified categorical analysis. But the majority agreed with your position. That's true. And we believe that if you use the modified categorical approach in this case, the government would prevail. All right. Now are you, I think that you may have 28J'd the recent case of. . . Nijewan. Is that how we say it? That's how we say it. Okay. I'm going with that, Nijewan. Do we need to get into that sort of analysis? Or can we just, I mean, can we stay with the more standard modified categorical approach? Well, we would argue that you don't need to get into that because the Taylor-Shepard approach, the categorical and modified categorical approach is more constrictive. And because the decision in this case conforms with that, you don't have to get to the more broad Nijewan case. We hesitate to, if the government disagrees with, I mean, if the court disagrees with the government's position, we would ask that you remand the case for the board to consider the impact of Nijewan in the first instance. Because that was a, even though it discussed the Taylor-Shepard approach, it was, again, discussing a different provision of the INA that the aggravated felony, it was an instance of whether this fraud crime led to damages to the victim of more than $10,000. So even though it touched upon the Taylor-Shepard approach, we believe that because the Taylor approach works in this case, you don't need to go into that case. But if the court disagrees. The checkbox that counsel acknowledges was checked and from which Judge Callahan read really solves any Taylor-Shepard problem here, right? Isn't there enough facts in what he admitted he did to solve that problem? We believe so, that the facts of his conviction. It's a question, at least on the restraining order, it's a question of whether the Washington statute qualifies and prohibits domestic violence or seeks to protect people from domestic violence, right? Correct. And in this case, Mr. Agnew was subject to a restraining or a no contact order and he violated it multiple times. And that's why we believe that he's removable under Section 237A2E2. So in conclusion, for the foregoing reasons and for the reasons set forth in the government's brief, the government respectfully asks this court to deny the petition for review. All right. Thank you, counsel. Rebuttal? No, Your Honor. All right. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Burns, Rawlinson, Callahan